**IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLORADO
                    Judge Robert E. Blackburn**

Civil Case No. 09-cv-01337-REB-CBS

JARARE, LLC,

    Plaintiff,

v.

KEVIN DARLING,
FIRST COASTAL FINANCIAL CORPORATION,
KEVIN GRAY,
GFS INVESTMENTS, and
UNITED HOME LENDING, LLC,

    Defendants.

**ORDER DENYING WITHOUT PREJUDICE MOTION FOR DEFAULT JUDGMENT**

**Blackburn, J.**

The matter before me is plaintiff's **Motion for Issuance of Default Judgment** [#26], filed November 2, 2009. I deny the motion without prejudice.

I have jurisdiction over this case pursuant to 28 U.S.C. § 1332 (diversity of citizenship). Defendants Kevin Darling, First Coastal Financial Corporation, and United Home Lending, LLC, all executed waivers of service on or about August 7, 2009 [## 8, 9, & 10].[1] Defendants failed to answer or otherwise respond within the time prescribed by law. The Clerk of the Court entered default as to these defendants pursuant to Fed.R.Civ.P. 55(a) on October 30, 2009 [#25]. Plaintiff now brings the instant motion seeking default judgment against these defendants in an amount certain.

---

[1] It appears that the remaining defendants have never been served. By separate order, I will direct plaintiff to show cause why these defendants should not be dismissed for failure to effectuate timely service of process and failure to prosecute.

A defendant's default works an admission of the factual allegations of the complaint other than those relating to damages.  *See* **FED.R.CIV.P**. 8(d); *see also* ***Burlington Northern Railroad Co. v. Huddleston***, 94 F.3d 1413, 1415 (10th Cir. 1996).  However, plaintiff has failed to apprise the court as to how it believes any of the now-admitted allegations of the complaint prove up any one or more of its causes of action against defendants.  I am neither required nor inclined to make parties' arguments for them, and I decline plaintiff's implicit invitation to do so here.

In addition, plaintiff has provided no legal or evidentiary support to substantiate its claimed damages, which are not admitted by defendants' default.  By way of example, but not limitation, although plaintiff seeks damages, *inter alia*, of $40,000 apparently held in escrow, Exhibit 6 attached to the complaint indicates that the amount owing is only $30,000.  Nor has plaintiff suggested any basis on which punitive damages appropriately may be awarded, much less in the amount requested.[2]  Its requests for prejudgment interest and attorney fees are neither legally nor factually substantiated.  I also am not convinced that plaintiff's complaint necessarily is sufficient to prove that defendant Darling is personally liable for the amount of "lost opportunity costs," reflected in an amendment to a promissory note,[3] which it appears he signed on behalf of defendant United Home Lending, LLC.  (**See Complaint App.**, Exh. 5 [#1], filed June 8, 2009.)  There may be other deficiencies and omissions with the motion as well, but I leave those to plaintiff to discern and rectify, if it can.

---

[2] Plaintiff claims (without citation to legal authority therefore) entitlement to treble damages on its request for $40,000, but then requests only $80,000 in punitive damages.

[3] Which note itself does not appear to be part of the record.

A defendant's default does not entitle a plaintiff to damages merely on its own *ipse dixit*. If plaintiff seeks to reduce its claims to judgment, it still must prove them up. Because its motion utterly fails to do so, I deny it without prejudice.

**THEREFORE, IT IS ORDERED** that plaintiff's **Motion for Issuance of Default Judgment** [#26] filed November 2, 2009, is **DENIED WITHOUT PREJUDICE**.

Dated April 9 2010, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge