IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01337-REB-CBS

JARARE, LLC,
        Plaintiff,
v.

KEVIN DARLING,
FIRST COASTAL FINANCIAL CORPORATION,
UNITED HOME LENDING, LLC,
        Defendants.[1]

_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

        This civil action comes before the court regarding Plaintiff Jarare LLC's ("Jarare")

failure to prosecute, failure to comply with the court's orders, the Local Rules of Practice

of the United States District Court for the District of Colorado, and the Federal Rules of

Civil Procedure, and failure to respond to the court's July 20, 2010 Order to Show

Cause (doc. # 32).  Pursuant to the Order of Reference dated June 11, 2009, this

matter was referred to the Magistrate Judge to, *inter alia*, "[c]onvene a scheduling

conference" and "[h]ear and determine pretrial matters . . . ."  (*See* doc. # 4).  The court

has reviewed the entire case file and the applicable law and is sufficiently advised in the

premises.

        This case was filed on June 8, 2009.  (*See* Verified Complaint (doc. # 1)).  The

court has jurisdiction over the case on the basis of diversity of citizenship, pursuant to

_____

        [1]        Defendants Kevin Gray and GFS Investments were dismissed without
prejudice from this civil action on May 10, 2010 based on Jarare's "failure to effectuate
timely service of process and for failure to prosecute."  (*See* "Order Making Absolute
Order to Show Cause" (doc. # 29)).

28 U.S.C. § 1332.  Defendants Kevin Darling, First Coastal Financial Corporation, and United Home Lending, LLC, all executed waivers of service on or about August 7, 2009 (*See* docs. # 8, # 9, and # 10).  These Defendants failed to answer or otherwise respond to the Complaint within the time prescribed by law.  On October 30, 2009, the Clerk of the Court entered default as to these Defendants pursuant to Fed. R. Civ. P. 55(a).  (*See* Entry of Default (doc. # 25)).  On November 2, 2009, Jarare moved for default judgment against Defendants Kevin Darling, First Coastal Financial Corporation, and United Home Lending, LLC.  (*See* doc. # 26).  On April 9, 2010, District Judge Blackburn denied Jarare's motion for failure to show how the unchallenged allegations and the evidence supported judgment on Jarare's claims or claimed damages.  (*See* "Order Denying without Prejudice Motion for Default Judgment" (doc. # 27)).

At a Status Conference on May 20, 2010, the court advised Jarare that this case is subject to dismissal for failure to prosecute.  (*See* Courtroom Minutes/Minute Order (doc. # 31)).  The Federal Rules of Civil Procedure provide in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

After nothing further was filed in the case, on July 20, 2010, the court issued an order directing Jarare to show cause on or before August 10, 2010 why this civil action should not be dismissed for failure to prosecute.  (*See* doc. # 32).  *See* D.C.COLO.LCivR 41.1 ("A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules,

the Federal Rules of Civil Procedure, or any court order."). *See also Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting the court has inherent authority to consider *sua sponte* whether a case should be involuntarily dismissed due to Plaintiff's failure to prosecute). The court advised Jarare that failure to adequately respond to the Order to Show Cause on or before August 10, 2010 may result in dismissal of this civil action without further notice. (*See* doc. # 32). As of this date Jarare has not responded to the court's Order to Show Cause. The court's records do not reflect that Jarare's copy of the Order Show Cause was returned as undeliverable. (*See* doc. # 32 Notice of Electronic Filing). Jarare has filed nothing in this case since May 20, 2010.

Jarare has failed to failed to prosecute this civil action and failed to comply with the court's Order to Show Cause. Based on these instances of noncompliance, this civil action may be dismissed with or without prejudice. *See AdvantEdge Business Group v. Thomas E. Mestmaker*, 552 F.3d 1233, 1236 (10th Cir. 2009) (internal quotation marks and citation omitted) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."); *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008) ("Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or comply with the Rules or any order of the court."). *See also* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits."); *Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1151 (10th Cir. 2007) ("Rule [41(b)] has long been interpreted to permit courts to

dismiss actions sua sponte for a plaintiff's failure to prosecute. . . ."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."); D.C.COLO.LCivR 41.1 ("If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.").

When dismissing a case without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *AdvantEdge Business Group*, 552 F.3d at 1236 (internal quotation marks and citation omitted). Here, the court recommends dismissal without prejudice. The Tenth Circuit "has recognized that a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired." *Id.* (citation omitted). Jarare has not addressed the possible running of a statute of limitations or identified any applicable limitation periods or tolling provisions. The court is not convinced that it is required to *sua sponte* identify and apply the limitations periods or tolling provisions applicable to Jarare's claims for breach of contract, fraud, and conversion.

Nevertheless, if the court were to apply Colorado's three-year general limitation of actions to Jarare's breach of contract, fraud, and conversion claims, commencing on November 16, 2006, the date Jarare first provided Defendants with funds, Jarare's claims would appear to be barred by the expired statute of limitations. *See* Colo. Rev. Stat. § 13-80-101 (2007). Before a dismissal with prejudice, the district court should ordinarily consider certain criteria. *AdvantEdge Business Group*, 552 F.3d at 1236 n. 2 ("The non-exhaustive list of factors is: (1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's

culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.") (internal quotation marks and citations omitted). The court determines that, first, Jarare's delay in prosecuting this case may cause actual prejudice to the Defendants' ability to defend the case. Second, Jarare's conduct in this case has interfered with the judicial process in that the court has been required to hold conferences and issue orders to advance the case. Jarare's conduct has impaired the court's ability to ensure compliance with the Federal Rules of Civil Procedure, the Local Rules for the District Court for the District of Colorado, and the court's orders. "[I]f a party 'could ignore court orders . . . without suffering the consequences, then the district court cannot administer orderly justice, . . .' " *EBI Securities Corp*, 219 F.R.D. 642, 648 (D. Colo. 2004) (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)). Third, the record is clear that Jarare alone is responsible for its inaction in this case. Fourth, the court has more than once warned Jarare regarding the risk of noncompliance with the court's orders, the Local Rules for the District Court for the District of Colorado, and the Federal Rules of Civil Procedure. (*See, e.g.,* docs. # 31, # 32). Further, "[t]he Federal Rules of Civil Procedure, as well as local rules of court, give ample notice to litigants of how to properly conduct themselves." *Hal Commodities Cycles Management Co. v. Kirsh*, 825 F.2d 1136, 1139 (7th Cir. 1987). Finally, there is no lesser sanction that is appropriate under the circumstances. The court's orders have not produced compliance by Jarare. It would be pointless to impose any lesser sanction where Jarare has repeatedly disregarded the court's rules and orders and failed to prosecute this case. Jarare has persistently failed to advance this case, failed to abide by the orders of the court, and

failed to prosecute.

Accordingly, IT IS RECOMMENDED that this civil action be dismissed without prejudice for Jarare's failure to prosecute, failure to comply with the court's orders, the Local Rules of Practice of the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure, and failure to respond to the court's July 20, 2010 Order to Show Cause.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's

recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 17th day of August, 2010.

BY THE COURT:


 s/Craig B. Shaffer
United States Magistrate Judge